# *Exhibit A*

Case 1:13-cv-00086-LY Document 1 Filed 10/31/13 Page 1 of 4

## NITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **PEAK COMPLETION TECHNOLOGIES,** | § | |
| **INC., Plaintiff,** | § | **CIVIL ACTION NO. 1:13-cv-00086** |
| | § | |
| **v.** | § | |
| | § | |
| **I-TEC WELL SOLUTIONS, L.L.C.,** | § | |
| **Defendant** | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Peak Completion Technologies, Inc. (hereinafter "Peak" or "Plaintiff"), through its counsel, files this Original Complaint against Defendant i-Tec Well Solutions, LLC (hereinafter "i-Tec" or "Defendant"), and for cause of action respectfully states and alleges as follows:

## PARTIES

1.      Plaintiff Peak is a Texas corporation having its principal place of business in Texas.

2.      Defendant i-Tec is a Texas limited liability company having its principal place of business at 4529 Brittmore Road, Houston, Texas 77041.  i-Tec can be served through its registered agent Ewing & Jones, PLLC, at its address of 6363 Woodway Drive, Suite 1000, Houston, Texas 77057.

## JURISDICTION/VENUE

3.      This is an action for patent infringement under the patent laws of the United States of America pursuant to 35 U.S.C. § 271, *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1400 and 1391(b) because Defendant conducts business within this judicial district and has engaged in acts in this district and division, which constitute infringement of U.S. Patent No.7,926,571.

## PATENT INFRINGEMENT

5.      The contents of the preceding paragraphs are included by reference as if fully set forth herein.

6.      Plaintiff owns all right, title and interest to U.S. Patent No. 7,926,571 (hereinafter, the "'571 patent") entitled *Cemented Open Hole Selective Fracing System*. A copy of the '571 patent is attached as Exhibit A.

7.      Plaintiff's '571 patent is valid and presumed valid under 35 U.S.C. § 282.

8.      Defendant has infringed the '571 patent by making, using, selling, renting and/or offering to sell or rent products, including Defendant's so-called "i-Frac" multi-stage sleeve system products, which come within or are operated within the scope of one or more of the claims of the patent.

9.      Additionally or alternatively, Defendant has contributed to or induced infringement by third party customers by selling and/or renting, to Defendant's customers, Defendant's infringing products, including Defendant's so-called "i-Frac" multi-stage sleeve system products, which come within or are operated by one or more of Defendant's customers within the scope of one or more of the claims of the '571 patent, and/or by instructing such third party customers on the use of Defendant's infringing products within the scope of one or more of the '571 patent claims.

- 2 -

10.     Defendant's acts of infringement are causing Peak to sustain damages, and will continue to do so unless and until enjoined by order of this Court.

## DEMAND FOR JURY

11.     Plaintiff hereby demands a jury trial of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief from the Court and Jury:

a.   That the '571 patent be adjudged infringed under all applicable provisions of Title 35, United States Code;

b.   That the Defendant, its officers, directors, employees, agents and all those acting in concert with the Defendant be enjoined, pursuant to 35 U.S.C. §283, from all future activities infringing the '571 patent, and/or inducing or contributing to the infringement of the '571 patent by others, including making, using, selling or offering for sale the claimed subject matter of the '571 patent;

c.   That Defendant be required to prepare and deliver to the Court a complete list of entities to whom Defendant has sold or offered for sale any product that infringes the '571 patent;

d.   That Defendant be ordered to account to Plaintiff for all sales, revenues, and profits derived from its infringement of the '571 patent, pursuant to all applicable provisions of Title 35, United States Code;

e.   That this Court award Plaintiff's actual and compensatory damages resulting from Defendant's infringing activities, together with prejudgment and post judgment interest and costs, as provided by 35 U.S.C. § 284;

f. That Plaintiff be awarded such other and further relief as may be just and appropriate.

Respectfully submitted

RALEY & BOWICK, LLP

/s/ John W. Raley
John W. Raley
Robert M. Bowick
1800 Augusta Drive, Suite 300
Houston, Texas 77057
(713) 429-8050 (telephone)
(713) 429-8045 (facsimile)
JRaley@RaleyBowick.com
RBowick@RaleyBowick.com

**ATTORNEYS FOR PLAINTIFF
PEAK COMPLETION TECHNOLOGIES,
INC.**